*Chen v. Lynch*

BIA
Nelson, IJ
A089 099 856

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand fifteen.

PRESENT:
>        DENNIS JACOBS,
>        DENNY CHIN,
>        RAYMOND J. LOHIER,
>             *Circuit Judges.*

_____

YONGBIN CHEN,
>        *Petitioner,*

>        v.                                    14-1085
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Mouren Wu, New York, NY.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; Eric W.
                       Marsteller, Senior Litigation
                       Counsel; Joseph D. Hardy, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongbin Chen, a native and citizen of China, seeks review of a March 21, 2014, decision of the BIA affirming an April 9, 2012, decision of an Immigration Judge ("IJ"), denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongbin Chen*, No. A089 099 856 (B.I.A. Mar. 21, 2014), *aff'g* No. A089 099 856 (Immig. Ct. N.Y. City Apr. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the grounds not expressly addressed by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Chen's, the IJ may, considering the totality of the circumstances, base a credibility finding on omissions and inconsistencies without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-65.  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Here, the totality of the circumstances, including Chen's internally inconsistent testimony, omissions from his asylum application, and inconsistencies between his testimony and record evidence, support the IJ's credibility determination.

The agency reasonably relied on omissions in Chen's asylum application when compared with his testimony.  *See Xiu Xia Lin*, 534 F.3d at 166, n.3.  Chen's asylum application failed to mention, contrary to his testimony, that he had a Chinese passport; that police officers came to his home and place of

3

work to look for him after he failed to report to the police station as required; and that he was denied food during detention. The IJ reasonably rejected Chen's explanations for his omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). The IJ also reasonably found that Chen's testimony was internally inconsistent and inconsistent with his asylum application regarding the dates he left China and entered the United States.

Chen's testimony was also inconsistent with his supporting evidence. The letter from Chen's church states that Chen became a Christian in July 2007, but Chen testified that he only started attending church in March 2008. Chen also testified that during detention he was slapped so hard that his face was bruised, but his father's letter does not mention that he was injured.

Given the inconsistencies between Chen's testimony, personal statement, and record evidence, as well as omissions in his application, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying him asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534

4

F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

Having found Chen not credible as to whether he suffered past persecution, the IJ also reasonably found that Chen did not meet his burden to establish a well-founded fear of persecution in China based on his practice of Christianity in the United States alone. The minimal evidence Chen provided, including very brief letters from the church he allegedly attends, did not establish that he is likely to be singled out for persecution in China. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). This finding was sufficient to deny Chen asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<pre>
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
</pre>